UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :

       - v. -                       :
                                        INDICTMENT
CARLOS DJEMAL NEHMAD and            :
ROBERTO MORENO,                         16 CRIM 829
                                    :
            Defendants.             :
                                    :
- - - - - - - - - - - - - - - - x

## COUNT ONE
(Monday Laundering Conspiracy)

The Grand Jury charges:

1.   From at least in or about June 2011 through at least in or about May 2016, in the Southern District of New York and elsewhere, CARLOS DJEMAL NEHMAD and ROBERTO MORENO, the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Section 1956(a)(2)(A).

2.   It was a part and an object of the conspiracy that CARLOS DJEMAL NEHMAD and ROBERTO MORENO, the defendants, and others known and unknown, would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States and to a place

in the United States from and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit, wire fraud, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Section 1956(h).)

## COUNT TWO
### (International Money Laundering)

The Grand Jury further charges:

3.  From at least in or about June 2011, through at least in or about May 2016, in the Southern District of New York and elsewhere, CARLOS DJEMAL NEHMAD and ROBERTO MORENO, the defendants, knowingly transported, transmitted, and transferred, and attempted to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit, DJEMAL NEHMAD and MORENO transferred funds from bank accounts in Mexico held by various shell companies, to bank accounts in the United States held by various shell companies, and back to other shell company accounts in Mexico, to create the appearance of paying for cellular telephones that were never in fact purchased or sold, with the

2

intent to promote a wire fraud scheme to defraud the Mexican government by obtaining fraudulent tax refunds.

(Title 18, United States Code, Sections 1956(a)(2)(A) and 2.)

## COUNT THREE
### (Wire Fraud Conspiracy)

The Grand Jury further charges:

4.   From at least in or about June 2011 through at least in or about May 2016, in the Southern District of New York and elsewhere, CARLOS DJEMAL NEHMAD and ROBERTO MORENO, the defendants, and others known and unknown, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

5.   It was a part and object of the conspiracy that CARLOS DJEMAL NEHMAD and ROBERTO MORENO, the defendants, and others known and unknown, willfully and knowingly, having devised a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

3

(Title 18, United States Code, Section 1349.)

## COUNT FOUR
### (Wire Fraud)

The Grand Jury further charges:

6. From at least in or about June 2011 through at least in or about May 2016, in the Southern District of New York and elsewhere, CARLOS DJEMAL NEHMAD and ROBERTO MORENO, the defendants, having devised a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, DJEMAL NEHMAD and MORENO transferred funds in furtherance of a scheme to defraud the Mexican tax authorities by submitting fraudulent applications for tax refunds premised on purported cell phone exports shipments to companies in the United States that were, in fact, sham transactions with front companies that were created for the purpose of facilitating the scheme.

(Title 18, United States Code, Sections 1343 and 2.)

### FORFEITURE ALLEGATION AS TO COUNTS ONE AND TWO

7.  As a result of committing the offenses alleged in Counts One and Two of this Indictment, CARLOS DJEMAL NEHMAD and ROBERTO MORENO, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real or personal, involved in the offenses alleged in Counts One and Two of this Indictment, and any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offenses.

### FORFEITURE ALLEGATION AS TO COUNTS THREE AND FOUR

8.  As the result of committing the offenses alleged in Counts Three and Four of this Indictment, CARLOS DJEMAL NEHMAD and ROBERTO MORENO, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses charged in Counts Three and Four of this Indictment.

### Substitute Asset Provision

9.  If any of the above-described forfeitable property, as

a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants, up to the value of the above forfeitable property.

    (Title 18, United States Code, Sections 981 and 982;
    Title 21, United States Code, Section 853(p); and
    ~~Title 28,~~ United States Code, Section 2461(c).)

FOREPERSON

PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

CARLOS DJEMAL NEHMAD and
ROBERTO MORENO,

Defendants.

---

### INDICTMENT

(18 U.S.C. §§ 1956, 1349, 1343.)

PREET BHARARA
United States Attorney

*[signature]*

Foreperson

---

12/14/16 - Filed Indictment.
aa   Case assigned to J Hellerstein

J Francis
USMJ